COMMONWEALTH *vs.* FORDYCE CHILSON & another.

Where a defendant was indicted in two indictments, for breaking and entering, at different times, two different dwelling-houses, with intent to commit the crime of larceny therein, and with stealing therefrom, among other articles particularly described in each indictment, certain pieces of money; and, on the trial of one of the indictments, a quantity of coin, amounting nearly to the sum described in the indictment, which, with other property therein alleged to have been stolen, was found in the possession of the defendant, was produced and exhibited in evidence, and left to the jury, with instructions, that if they were satisfied, that the other articles which were identified were stolen by the defendant, and that soon after the breaking and entering of the house, money corresponding to the money stolen at that time was found in the possession of the defendant, with such other articles, the jury might find that the money produced, so far as it corresponded to the money stolen, was also stolen; it was held, that, although proof of the identity of the money found with the money stolen was not necessary to a conviction, the instructions were correct, and that the question of identity was thereby properly left to the jury.

The defendant having been convicted on the first indictment, it was held, that the same money, which was introduced as evidence on the trial thereof, might be produced and exhibited as evidence on the trial of the second, and that the prosecutor might examine the same, and might select therefrom and identify in his testimony any piece of the coin as a part of the money stolen.

THE defendants, who were jointly indicted in the court of common pleas, in two indictments, were tried thereon

at the same term of the court, before *Wells*, C. J., and convicted.

In the indictment that was first tried, they were charged with breaking and entering the dwelling-house of one Damon, with intent to commit the crime of larceny therein, and with stealing therefrom, among other articles, "silver coin of the value of eight dollars," and sundry pieces of silver coin amounting to ten dollars, and one piece of gold coin, of the value of two dollars and fifty cents, one pocket book, and two purses.

On the trial of this indictment, a quantity of specie amounting nearly to the sum described in the indictment was produced by the prosecuting officer, and exhibited with other property alleged to have been stolen from Damon's house. The silver coin thus produced exceeded the amount of silver alleged to have been stolen from Damon's. Two witnesses were called to identify the property. One of them, in speaking of the specie, mentioned five or six dollars in halves, and two American quarters; and the other spoke of six American halves, a gold quarter eagle, seven old-fashioned pistareens, and some half cents, as having been missing. They testified that they lost no silver coins larger than a half dollar.

The deputy sheriff, who searched the defendants and found the property identified as Damon's, was called as a witness for the prosecution, and testified as to all the money exhibited in court, as to the places where he found it, and also as to money in a bead purse and in a baize purse.

The defendants contended, that there was no evidence to identify any of the money. But the court instructed the jury, that if they were satisfied, that the other articles which were identified were stolen by the defendants, and that soon after the breaking and entering of the house, money corresponding to the money stolen at that time was found in the possession of the defendants, with such other articles, the jury might find that the money produced, so far as it corresponded with the missing money, was also stolen. The jury, on these instructions, returned a general verdict of guilty.

The indictment, which was last tried, was for breaking and entering the house of Lester Langdon, a week previous to the offence charged in the first indictment, and stealing therefrom a purse, bank bills to the amount of eleven dollars, gold coin to the amount of seven dollars and fifty cents, and silver coin to the amount of twenty-five dollars.

The same specie exhibited on the former trial was produced, and Langdon was called as a witness. He testified to the loss of money corresponding in appearance and kind with the money produced by the prosecution, to the amount of twenty-five dollars; and he particularly undertook to select a five-franc piece, and to identify it as his own from its stamp and appearance.

It being admitted, that the money thus produced was the same which was exhibited on the trial of the first indictment, and the jury having in the mean time returned their verdict of guilty on that indictment; the defendants contended, that, inasmuch as the house in which the larceny was charged to have been committed was in a different town from that in which the house set forth in the first indictment, as having been broken, was alleged to be situate, — as the offence charged in the latter was alleged to have been committed on a previous day, — and as the defendants had already been found guilty on the first indictment of stealing the money offered in evidence on the trial of the second, — it was not competent for the prosecution to use the same specie as evidence on the trial of the second indictment, and to call the prosecutor therein, whose house was alleged to have been broken, to select coin from such specie as his own.

The judge ruled that the government might prove, that some of this money belonged to another person than the party mentioned in the first indictment, in order to sustain the second indictment, if the witness could identify any of the money as his own; but that the defendants might use the facts proved on the trial of the first indictment as evidence on the question of the identity of the money.

The same deputy sheriff, who testified on the trial of the

first indictment, was called and testified, as in the former trial, to finding money on the defendants of the same description with that produced, and that several dollar pieces described by Langdon, when found on the defendants, were found in one of the purses of Damon, the prosecutor in the first indictment.

The defendants, being convicted on the second indictment, alleged exceptions.

*C. P. Huntington,* for the defendants.

*W. Porter,* district attorney, for the commonwealth, referred to Roscoe's C. E. 578 ; 2 Russell on C. 178 ; 2 East P. C. 657.

By THE COURT. The two defendants were indicted for breaking two different dwelling-houses in the county of Hampshire, and stealing therefrom money described and other property. The two indictments were of course tried separately.

On the trial of the first indictment, the officer who had arrested the defendants and searched their persons or premises produced and exhibited some money. It was contended, that there was no evidence that the money produced was the same money stolen from Damon the prosecutor in this indictment. Proof of the identity of the money found with the money stolen was not necessary to the conviction ; for the breaking, entering, and stealing of the money described, might be proved by other evidence, though no money had been found on the defendants, or the money found had not been identified with the money stolen. The identity of the property stolen might be important in another aspect, as affecting the prosecutor's right to have it restored.

On this evidence, the court informed the jury, that if the money found on the defendants corresponded with that stolen, and was found on them with other articles of property stolen at the same time when the house was broken open, the jury might infer that the money produced, in as far as it corresponded with the money stolen, was the same. This we think was correct, and left the evidence of identity properly to the jury.

The jury found a general verdict of guilty. But this did not involve the conclusion, as a matter either of law or of fact, that all the money produced, or any considerable portion of it, was the money stolen from the house of Damon; it was matter of evidence.

When, therefore, the second trial came on before another jury, and it was objected that the same specie could not be offered in evidence, to enable the prosecutor, Langdon, to select if he could any piece of coin as his, we think the objection was founded in a mistake. It supposed that the whole of this money had been identified, and found by the first jury to have been stolen from Damon. But the verdict, in the former case, involved no such conclusion; and even if it had, it was a conclusion of fact upon evidence; and it would be difficult to say upon what principle the court could declare such evidence incompetent, upon the trial of another indictment. *Exceptions overruled.*